IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP ROBERTS, | ) | Civil Action No. 13-45 |
| | ) | |
| Plaintiff, | ) | District Judge Cercone |
| | ) | Chief Magistrate Judge Lenihan |
| v. | ) | |
| | ) | |
| ROBERT TRETNICK, Dir. Of | ) | |
| Med. Services, BRIAN COLEMAN, | ) | ECF No. 16 |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendants Robert Tretnick and Brian Coleman at ECF No. 16 be granted.

### II. REPORT

    A. Facts

Plaintiff, Philip Roberts ("Plaintiff" or "Roberts"), brings this civil action pursuant to 42 U.S.C. § 1983 for violation of of his Eighth and Fourteenth Amendment rights to the United States Constitution, and for violation of his rights under the Pennsylvania Constitution. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs while incarcerated at the State Correctional Institution at Fayette ("S.C.I. Fayette"). Plaintiff names as

Defendants, Robert Tretnick ("Tretnick"),[1] Chief Health Care Administrator at S.C.I. Fayette, and Brian Coleman ("Coleman"), Superintendent of S.C.I. Fayette (collectively "Defendants") in their individual capacities.

On February 17, 2014, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. On February 18, 2014, this Court ordered that by March 18, 2014, Plaintiff file either a response to the Motion to Dismiss, or an amended complaint. The Plaintiff filed neither a response nor an amended complaint. On June 20, 2014, this Court again ordered that Plaintiff file a response to the motion or an amended complaint by July 8, 2014. The Court further indicated in its June 20, 2014 order that if Plaintiff failed to so respond, the Court, without further notice to Plaintiff, would make a recommendation on the disposition of the motion based on Defendants' submissions, and without benefit of a response from Plaintiff. Again, Plaintiff has failed to respond. On July 17, 2014, a Remark was entered on the docket indicating that the Court's text Order and Remark entered June 20, 2014 were returned to the Court as "Not Deliverable as Addressed Unable to Forward." The docket does not reflect that Plaintiff notified the Court that his address of record had changed.

The facts as averred by Plaintiff are as follows. Plaintiff alleges that on three different occasions while incarcerated at S.C.I. Fayette, he requested medical assistance. First, on November 9, 2012, he requested medical assistance for severe back spasms and difficulty walking in an upright position. Plaintiff avers that he was called down to medical and told by a "representative of Robert Tretnick" that it might be a muscular problem. Plaintiff was given Ibuprofen and sent back to his cell. (ECF No. 8 at p.3.)

---

[1] It appears that Plaintiff misspelled this Defendant's last name as Tretnick, where the correct spelling is Tretinik. The spelling has not been corrected on the official caption of the case; therefore, the Court uses the spelling reflected on the docket.

On November 14, 2012, Plaintiff returned to medical for the same problem. Medical administered a "bone x-ray" and urine test. Plaintiff was then sent back to his cell. (ECF No. 8 at p.3.)

On November 19, 2012, Plaintiff returned to medical. At this time, Plaintiff could neither stand up nor walk correctly. Plaintiff requested "an MRI and was told by one of Robert Tretnick[']s representatives nothing could be done [ ] because [he] was too close to being released from prison." (ECF No. 8 at p.3.)

Plaintiff was given a cane for two months and a back brace. Plaintiff avers that he was denied the medical attention to discover the nature of his medical problems. He notes that he still uses a cane, that his problems have become more consistent, he has back spasms, that the medicine that was given to him for seven days was ineffective, and that his back pain has become worse. As a result, Plaintiff avers that he is left vulnerable to the other inmates.

Plaintiff seeks damages for inconsistent medical treatment and for any future doctor bills and medical treatment.

B. <u>Legal Standard</u>

PRO SE PLEADINGS

The Court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d

Cir. 1999)). Finally, Federal Rule of Civil Procedure 8(e) requires that all pleadings be construed "so as to do justice." Fed. R. Civ. P. 8(e).

MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

*Thompson v. Real Estate Mortg. Network,* 748 F.3d 142, 147 (3d Cir. 2014).

C. <u>Analysis</u>

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

42 U.S.C. § 1983. To state a claim for relief under this provision, a plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

In support of their Motion to Dismiss, Defendants argue that because Plaintiff was under the supervision of medical personnel, his allegations against the Defendants do not support a claim for the denial of adequate medical care. Defendants emphasize that they are administrative personnel. That is, Defendant Tretnick is Chief Health Care Administrator at S.C.I. Fayette, and Defendant Coleman is Superintendent of S.C.I. Fayette. Defendants note that Plaintiff does not allege that these administrative Defendants knew of Plaintiff's medical condition and treatment. Defendants continue that even if Defendants knew of Plaintiff's medical condition, Plaintiff admits in his allegations that he was receiving medical treatment, and that Defendants would be justified in relying on the expertise of the medical department and its provision of medical care to Plaintiff.

In *Estelle v. Gamble*, the United States Supreme Court noted that the most elementary principles underlying Eighth Amendment constitutional jurisprudence "establish the government's obligation to provide medical care for those whom it is punishing by incarceration." 429 U.S. 97, 103 (1976). The *Estelle* Court concluded that the Eighth Amendment prohibits the deliberate indifference to serious medical needs of prisoners. *Id*. at 104. The Court stated that a cause of action under § 1983 is thereby established "whether the

indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05 (footnotes omitted).

It was not until 1994, however, in *Farmer v. Brennan*, that the United States Supreme Court clarified its meaning of the term "deliberate indifference." 511 U.S. 825 (1994). In *Farmer*, the Court held as follows:

> We hold instead that a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id*. at 837-38. The *Farmer* Court also discussed its reasoning in *Estelle*, noting that negligence in diagnosing or treating the medical conditions of prisoners will not rise to the level of an Eighth Amendment violation. *Farmer*, 511 U.S. at 835 (quoting *Estelle*, 429 U.S. at 106).

Conversely, a plaintiff must also demonstrate a medical need that is objectively "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Plaintiff's Complaint must be dismissed for several reasons.[2] Plaintiff does not allege that the named Defendants, in their individual capacities, participated in the alleged

---

[2] The United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a district court is dismissing a claim pursuant to Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir.

constitutional violations. In order to make out a claim against defendants in their individual capacities pursuant to § 1983, a plaintiff must allege facts demonstrating that defendants had personal involvement in the alleged wrongs; § 1983 liability may not be predicated upon the operation of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff does not allege any actions taken personally by the named Defendants in the Amended Complaint. Instead, Plaintiff alleges that those who were personally involved were representatives of Defendant Tretnick. Plaintiff may not rely on the doctrine of respondeat superior to impose § 1983 liability on these individual Defendants.

Further, Plaintiff avers that he was receiving medical treatment from the medical department. Defendants may rely on those serving in medical capacities to provide medical services to inmates. *See Glatts v. Lockett*, Civil Action No. 09-29, 2011 WL 772917, *9 (W.D. Pa. Feb. 28, 2011) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)) (where prisoner is being treated by medical personnel, non-physician prison officials cannot be deliberately indifferent for failing to intervene in the medical treatment.) An exception exists only where a non-medical prison official has reason to believe, or actual knowledge, that prison doctors or their assistants are mistreating, or not treating, a prisoner. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Here, Plaintiff avers no facts to suggest that the named Defendants were aware of Plaintiff's medical treatment.

Even if Defendants were aware of Plaintiff's medical condition and participated in the decision making process regarding his treatment, Plaintiff's claim for deliberate indifference to serious medical needs would necessarily fail. Plaintiff admits that he received medical treatment each time he complained to the medical department. Plaintiff has no constitutional right to the

---

2008). Here, any attempt to amend would be futile for the reasons discussed in the Court's Report and Recommendation.

treatment of his choice, and cost considerations may enter into the decision making process as to treatment methods. *Winslow v. Prison Health Servs.*, 406 F. App'x 671, 674-75 (3d Cir. 2011); *Brightwell v. Lehman*, Civ. A. No. 03-2051, 2006 WL 931702, at *8 (W.D. Pa. April 10, 2006) ("Resources are not infinite and reasonable allocation of those resources, taking into account cost, does not amount to deliberate indifference even if a prisoner does not receive the most costly treatments or his treatment of choice."). Moreover, claims for negligent medical care are insufficient to state a constitutional violation. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Finally, to the extent that Plaintiff attempts to state a claim under the Pennsylvania Constitution, the United States Court of Appeals for the Third Circuit has indicated that "[n]o Pennsylvania statute establishes, and no Pennsylvania court has recognized a private cause of action for damages under the Pennsylvania Constitution." *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) (citing *Jones v. City of Philadelphia*, 890 A.2d 1188, 1208 (Pa. Commw. 2006)).

Hence, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that Defendants' Motion to Dismiss at ECF No. 16 be granted.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: July 23, 2014                                   BY THE COURT:

                                                      s/Lisa Pupo Lenihan
                                                      LISA PUPO LENIHAN
                                                      Chief United States Magistrate Judge

cc:
    All Counsel of Record
    Via Electronic Mail

    Philip Roberts
    701 Penn Avenue
    New Brighton, PA  15066